(No. 3061—)

JOSEPH HUDIK, DOING BUSINESS AS CICERO COAL COMPANY, Claimant,
*vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 15, 1939.*

WEINBERG, KJELLANDER, O'FARRELL & AMES, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE,
Assistant Attorney General, for respondent.

*Per Curiam:*

Joseph Hudik, doing business as Cicero Coal Company at
1545 South 56th Avenue, Cicero, Illinois, complains that on
the 28th day of September, 1933, he sold to the State of Illi-
nois, 2,500 pounds of Chestnut Coal' and 2,500 pounds of
Range Coal to be used by the Illinois Maintenance Highway
Police at 123rd Street and Cicero Avenue, Alsip, Illinois; that
on the 21st day of October, 1933, he presented a bill to the
Division of Highways of the Department of Public Works and
Buildings of the State of Illinois for payment.

It is stipulated that the reasonable value of the coal was
$35.57.

The bill was placed in line for payment by the Depart-
ment of Public Works and Buildings but was disapproved by
the Department of Finance of the State of Illinois, and no
warrant for said sum was ever issued and the claimant has
never received payment for his coal.

The Attorney General argues that this claim should not
be allowed because the party who ordered the coal for the
use of a branch of the State had no authority, under Sections
29 and 30 of the Civil Administrative Code, which provides
as follows:

"All supplies of fuel purchased for the department shall be let by con-
tract to the lowest responsible bidder. Advertisements for bids shall be pub-
lished for at least ten days in one or more of the daily newspapers of general
circulation published in each of the seven largest cities of the State, de-

termined by the then last preceding Federal census. The officer authorized by law to make contracts for fuel shall prescribe rules and regulations to be observed in the preparation, submission and opening of bids. All contracts for fuel shall be made subject to the approval of the Governor.

The price paid for fuel shall not exceed the following:

For anthracite coal, twelve dollars per ton;

For Pennsylvania bituminous, Pocahontas and West Virginia smokeless, eastern Kentucky and Ohio coals, all of the bituminous type, nine dollars per ton;

For Illinois, Indiana, western Kentucky, Missouri and Iowa coals, all of the bituminous type, seven dollars per ton;

For any other coal of the bituminous type, seven dollars per ton."

In the stipulation it is admitted that the reasonable value of the coal was $35.57.

This court will not where the sums claimed are large, approve of any departure from the statute in the purchase of any supplies for the State. Yet it is quite apparent that at the time this coal was purchased, fuel was reasonably needed for heating purposes. The statute provides that fuel shall be purchased by contract entered into by the lowest responsible bidder, and that the advertisements for bids shall be published in each of the seven largest cities of the State, and that the officer authorized by law to make contracts for fuel shall prescribe rules and regulations to be observed in the preparation, submission and opening of bids and that all contracts for fuel shall be made subject to the approval of the Governor.

We do not feel that it was the intent of the legislature that a procedure should be followed which would require an expenditure of funds equal to, or being a large part of the cost of the fuel to be purchased.

It is the opinion of the court that public interests could best be served by the purchase of fuel at a reasonable price. It also appears that an emergency undoubtedly existed. To get advertisements ready and to go through the forms prescribed by law, would undoubtedly take more than ten days. The Attorney General offers no solution of this problem, except the strict letter of the law. We view this as an exception to the general rule, and we believe that the claimant should be paid. No fraud is even suggested.

We, therefore, make an award in the sum of $35.57 in favor of Joseph Hudik, doing business as Cicero Coal Company.